NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                      :
GURWINDER SINGH,                      :          Civil Action No. 17-2244 (JMV)
                                      :
                 Petitioner,          :
                                      :
        v.                            :              **OPINION**
                                      :
CHARLES GREEN,                        :
                                      :
                 Respondent.          :
_____:

**APPEARANCES:**

GURWINDER SINGH
Essex County Correction Facility, 2E4-312 DOWN
354 Doremus Ave.
Newark, NJ 07105
                 Petitioner, *pro se*

DAVID V. SIMUNOVICH
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 01701
                 On behalf of Respondent.

**VAZQUEZ**, United States District Judge

        Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April

4, 2017, alleging violation of his right to due process based on his detention in the custody of

Immigration and Customs Enforcement ("ICE") since May 4, 2016.    (ECF No. 1 at 2.)

Respondent filed an answer to the habeas petition.  (ECF No. 4.)  Petitioner received a bond

redetermination hearing on March 1, 2017, which the immigration judge ("IJ") denied because he

found Petitioner is a danger to the community and a flight risk.  (ECF No. 4-3 at 6.)  In the

meantime, an immigration judge ("IJ") denied Petitioner's request for asylum and withholding of removal, and ordered Petitioner removed to India. (*Id.* at 8-9.) Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*Id.* at 8.) Respondent argues the petition should be dismissed because Plaintiff has received the due process he is entitled to, specifically, a bond hearing. (ECF No. 4 at 2.)

## I. BACKGROUND

Petitioner is a native and citizen of India. (ECF No. 4-2, at 2.) On August 20, 2015, he entered the United States without permission and was detained by the U.S. Board Patrol in Texas. (*Id.* at 3.) The Department of Homeland Security ("DHS") issued a Notice to Appear on September 30, 2015, charging Petitioner as an inadmissible alien. (ECF No. 4-2 at 7-8.) On October 27, 2015, Petitioner was released on bond. (*Id.* at 10.)

Then, on May 4, 2016, Petitioner was arrested in Andover, New Jersey and charged with criminal sexual conduct. (*Id.* at 3-4.) On the day of his arrest, Petitioner was detained by ICE. (*Id*. at 3.) On November 16, 2016, Petitioner was turned over to the custody of Sussex County Sheriff's Office on the outstanding criminal charges. *Id.* On January 30, 2017, Petitioner pled guilty to harassment under N.J.S.A. § 2C:33-4B and was sentenced to 75 days in jail, with credit for time served. (*Id.* at 13.) The following day, DHS took Petitioner back into custody pursuant to 8 U.S.C. § 1226(a) [INA § 236(a)]. (ECF No. 4-3 at 1.) Petitioner requested a bond hearing and, on March 1, 2017, an IJ denied Petitioner's request for bond, finding that he was both a danger to the community and a flight risk. (ECF No. 4-3 at 4, 6.)

## II. DISCUSSION

Petitioner contends that he is entitled to a bond hearing under the Due Process clause, pursuant to *Chavez-Alvarez v. Warden York Cnty Prison*, 783 F.3d 469, 477 (3d Cir. 2015). (ECF

No. 1 at 2-5.)  Respondent submits that Petitioner is detained under 8 U.S.C. § 1226(a), he has received a bond hearing, and he is entitled to no further relief.  (ECF No. 4 at 2.)

In *Diop v. ICE/Homeland Sec.*, the Third Circuit held that 8 U.S.C. § 1226(c) "'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.'" *Chavez-Alvarez*, 783 F.3d at 474-75 (quoting *Diop*, 656 F.3d 221, 231 (3d Cir. 2011).  In *Chavez-Alvarez*, the Third Circuit held that "beginning sometime after the six-month timeframe . . . and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.  There, the petitioner was under mandatory detention pursuant to § 1226(c), neither of the parties were acting in bad faith in the immigration proceedings, and the petitioner had been detained for more than ten months without a bond hearing.  *Id.* at 472, 476.

Here, Petitioner is not under mandatory detention pursuant to § 1226(c).  Petitioner is detained pursuant to § 1226(a).  8 U.S.C. § 1226(a) provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole . . .

Furthermore,

> [a]liens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009).

Petitioner was provided a bond redetermination hearing on March 17, 2017. (ECF No. 4-3 at 6.) Petitioner's recourse for continued detention under § 1226(a) is to appeal the IJ's custody decision to the BIA or request a bond redetermination. For these reasons, Petitioner has not been deprived of due process under the Fifth Amendment. *See Contant*, 352 F. App'x at 695 (holding that petitioner's right to due process regarding his detention under 8 U.S.C. § 1226(a) pending removal proceedings was satisfied by the individualized detention determinations provided under 8 C.F.R. §§ 236.1(c)(8); 236.1(d)(1) and 1003.19(e)).

III.    CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Date: August 22, 2017
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

4